01

02

03

04

05

06                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
07                                 AT SEATTLE

08  VISHAL SINGH UPPAL,                    )    CASE NO. C06-0261-JLR
                                           )
09                  Petitioner,            )
                                           )
10        v.                               )    REPORT AND RECOMMENDATION
                                           )    RE: INDEFINITE DETENTION
11  MICHAEL CHERTOFF, et al.,              )
                                           )
12                  Respondent.            )
    _____)
13

14              I.  INTRODUCTION AND SUMMARY CONCLUSION

15          Petitioner is a native and citizen of India who is being detained by United States

16  Immigration and Customs Enforcement ("ICE") pursuant to an order of removal that became final

17  on September 1, 2005.  On February 23, 2006, petitioner filed, pro se, a Petition for Writ of

18  Habeas Corpus pursuant to 8 U.S.C. § 2241, challenging the constitutional and statutory authority

19  of ICE to detain him.  (Dkt. #4).  Respondents contend that petitioner's detention is warranted

20  because ICE has received the necessary travel documents and his removal is likely in the

21  reasonably foreseeable future.  (Dkt. #14).

22          Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

REPORT AND RECOMMENDATION
RE: INDEFINITE DETENTION
PAGE -1

01   (Dkt. #4) be DENIED and respondents' motion to dismiss (Dkt. #14) be GRANTED.

02                     II.   BACKGROUND AND PROCEDURAL HISTORY

03           Petitioner Vishal Singh Uppal is a native and citizen of India.   (Dkt. #16 at L5-11).   On

04   November 16, 1996, he entered the United States at San Francisco, California as a B-2 non-

05   immigrant visitor for pleasure with authorization to remain in the United States until April 15,

06   1997.   *Id.*   On February 10, 1997, petitioner filed an I-598 application for asylum.   *Id.*   On June

07   8, 1999, the former Immigration and Naturalization Service ("INS") denied petitioner's application

08   for asylum finding him not credible due to "material inconsistencies between [his] testimony and

09   application" and referred petitioner's case to an Immigration Judge ("IJ"). (Dkt. #16 at R30).   The

10   same day, the INS issued a Notice to Appear charging petitioner with removal pursuant to section

11   237(a)(1)(B) of the Immigration and Nationality Act ("INA") because he remained in the United

12   States longer than permitted.   (Dkt. #16 at R88).   On July 15, 2004, an IJ denied petitioner's

13   applications for asylum, withholding of removal, and protection under the Convention Against

14   Torture, and ordered him removed to India.   (Dkt. #16 at L224).   Petitioner appealed the IJ's

15   decision to the Board of Immigration Appeals ("BIA").   On September 1, 2005, the BIA affirmed

16   the IJ's decision and dismissed the appeal.   (Dkt. #16 at L264).

17           On February 23, 2006, petitioner filed the instant habeas petition.   (Dkt. #4).   On March

18   13, 2006, petitioner also filed a Petition for Review and a Motion for Stay with the United States

19   Court of Appeals for the Ninth Circuit.   (Case No. 06-71454).   The same day the Ninth Circuit

20   entered a temporary stay of removal.   On June 9, 2006, the Ninth Circuit dismissed the appeal

21   based on lack of jurisdiction because petitioner's appeal was not filed within 30 days from the

22   issuance of the BIA's September 1, 2005, order.

REPORT AND RECOMMENDATION
RE: INDEFINITE DETENTION
PAGE -2

01

III.  DISCUSSION

02      The post-removal-detention statute, INA § 241(a), 8 U.S.C. § 1231(a), provides for the

03  mandatory detention of aliens awaiting removal from the United States for an initial period of three

04  months.  This three months may be followed by an additional three months discretionary detention

05  during which detention remains presumptively valid.  *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct.

06  2491, 2505, 150 L. Ed. 2d 653 (2001).

07      In *Zadvydas*, the Supreme Court explained that after this six-month period, the alien is

08  eligible for conditional release upon demonstrating that there is "no significant likelihood of

09  removal in the reasonably foreseeable future."  *Id.*  Nonetheless, the six month presumption "does

10  not mean that every alien not removed must be released after six months.  To the contrary, an alien

11  may be held in confinement until it has been determined that there is no significant likelihood of

12  removal in the reasonably foreseeable future."  *Id.*  The petitioner has the burden of coming

13  forward with "good reason to believe there is no significant likelihood of removal in the reasonably

14  foreseeable future."  *Id.*  Then the burden shifts to respondents to produce evidence which could

15  rebut petitioner's showing.  *Id.*

16      In this case, petitioner has been in ICE custody following a final order of removal since

17  November 17, 2005.  Thus, petitioner's six-month presumptively reasonable removal period

18  expired on or about May 17, 2006.  Respondents contend that petitioner's continued detention

19  is warranted because ICE has secured travel documents for his removal to India and the only thing

20  preventing his removal is his Petition for Review and related temporary stay of removal.  (Dkt.

21  #14 at 6).  However, the Ninth Circuit has since dismissed petitioner's appeal and stay of removal.

22  Accordingly, there are no longer any barriers to petitioner's removal.  As petitioner has failed to

REPORT AND RECOMMENDATION
RE: INDEFINITE DETENTION
PAGE -3

01  support any assertion that his removal is not reasonably foreseeable, the Court must deny habeas

02  relief.  *See Zadvydas* , 533 U.S. at 701;  *see also Khan v. Fasano*, 194 F. Supp. 2d 1134, 1137

03  (S.D. Cal. 2001)(finding that petitioner had not met his burden under *Zadvydas* where petitioner

04  failed to show any barriers to his repatriation to Pakistan).

IV.  CONCLUSION

06       For the foregoing reasons, I recommend that respondents' motion to dismiss be granted,

07  and that this action be dismissed.   A proposed Order accompanies this Report and

08  Recommendation.

09       DATED this 12th day of June, 2006.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
RE: INDEFINITE DETENTION
PAGE -4